# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

**FILED**

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

CR 11-573 JSW

V.

WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan,
CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong,
ROBERT J. MAEGERLE,
USA PERFORMANCE TECHNOLOGY, INC.,
TZE CHAO, a.k.a. Zhi Zhao, HOU SHENGDONG,
PANGANG GROUP COMPANY, LTD.,
PANGANG GROUP STEEL VANADIUM & TITANIUM
COMPANY, LTD., PANGANG GROUP TITANIUM
INDUSTRY COMPANY, LTD., and PANGANG GROUP
INTERNATIONAL ECONOMIC & TRADING COMPANY,

DEFENDANT(S).

# SUPERSEDING INDICTMENT

18 U.S.C. § 1831(a)(5) – Conspiracy to Commit Economic Espionage; 18
U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade Secrets; 18
U.S.C. § 1831(a)(4) – Attempted Economic Espionage; 18 U.S.C. §
1832(a)(4) – Attempted Theft of Trade Secrets; 18 U.S.C. § 1832(a)(3) –
Possession of Trade Secrets; 18 U.S.C. § 1832(a)(2) – Conveying Trade
Secrets; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 1512(k) –
Conspiracy to Tamper with Witnesses and Evidence; 18 U.S.C. § 1512(b)(1) –
Witness Tampering; 18 U.S.C. § 1001(a)(2) – False Statements; 18 U.S.C. § 2
– Aiding and Abetting; 18 U.S.C. §§ 1834 and 2323 – Economic Espionage
Forfeiture;  18 U.S.C. §§ 1834 and 2323 – Trade Secret Forfeiture; 18 U.S.C.
§ 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Forfeiture

A true bill.

_____
Foreman

Filed in open court this ___7___ day of

___February, 2012___.

**Brenda Tolbert**
Clerk

Bail, $ _____

Maria Elena James
United States Chief Magistrate Judge

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

---

### OFFENSE CHARGED

see attached penalty sheet

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony

PENALTY:   see attached penalty sheet

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

### DEFENDANT - U.S

▶ WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan

**FILED**

DISTRICT COURT NUMBER

CR 11-0573 JSW

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

---

### DEFENDANT

#### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

#### IS IN CUSTODY

4) ☒ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes  } If "Yes" give date filed
☐ No

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☒ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**

☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:

☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

# PENALTY SHEET

FILED

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---------|---------|---------|---------|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | **PENALTY:** | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

| **SPECIAL ASSESSMENT:**      $100.00 for each count |
|---|

| **FORFEITURE ALLEGATIONS:** |
|---|
| **First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage |
| **Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets |
| **Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Proceeds |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
                                    ☒ SUPERSEDING

---

### OFFENSE CHARGED

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   see attached penalty sheet

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

### DEFENDANT - U.S

CHRISTINA HONG QIAO LIEW, a.k.a. QIAO HONG

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

*FEB - 7 2012*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Peter Axelrod & John Hemann

---

### DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes      If "Yes"
been filed?    ☐ No       give date filed

DATE OF ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY      Month/Day/Year

☒ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | PENALTY: | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**     $100.00 for each count

---

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 –  Witness Tampering Proceeds

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: see attached penalty sheet

┌─ **DEFENDANT - U.S** ─────────────┐

▶ ROBERT J. MAEGERLE

**DISTRICT COURT NUMBER**

CR 11-0573 JSW

# FILED

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

**Name of Complaintant Agency, or Person (& Title, if any)**

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

**Name and Office of Person Furnishing Information on this form**   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

**Name of Assistant U.S. Attorney (if assigned)**   Peter Axelrod & John Hemann

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction }  ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  } If "Yes"
been filed?  ☐ No   give date filed

**DATE OF ARREST** ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---------|------------------------------------------------------------------|----------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | **PENALTY:** | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

| **SPECIAL ASSESSMENT:**     $100.00 for each count |
|---|


| **FORFEITURE ALLEGATIONS:** |
|---|
| **First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage |
| **Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets |
| **Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 –  Witness Tampering Proceeds |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:   see attached penalty sheet

─── **DEFENDANT - U.S** ───

► USA PERFORMANCE TECHNOLOGY, INC. (USAPTI)

DISTRICT COURT NUMBER

CR 11-0573 JSW

**FILED**

FEB - 7 2012

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

}

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

─── **DEFENDANT** ───
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
   summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

}

☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?   ☐ No   give date
filed

}

**DATE OF
ARREST**   ►   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**   ►   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☒ Arraignment   ☒ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 3/01/2012 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments:   Appear in court before Judge Elizabeth D. Laporte on March 1, 2012 at 9:30 a.m.

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| **COUNT 1** | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| --- | --- | --- | --- |
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | **PENALTY:** | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

| **SPECIAL ASSESSMENT:**    $100.00 for each count |
|---|

| **FORFEITURE ALLEGATIONS:** |
|---|
| **First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage |
| **Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets |
| **Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 –  Witness Tampering Proceeds |

AO 257 (Rev. 6/78)

| . | **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony

PENALTY:   see attached penalty sheet

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

─ **DEFENDANT - U.S** ─

▶ TZE CHAO, a.k.a. Zhao Zhi

FEB – 7 2012

DISTRICT COURT NUMBER

CR 11-0573 JSW

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

}

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

}

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date
filed

}

**DATE OF
ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:

☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☒ Arraignment   ☒ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:   3/01/2012 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments:   Appear in court before Judge Elizabeth D. Laporte on March 1, 2012 at 9:30 a.m.

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao:** Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---------|---------|---------|---------|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | PENALTY: | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**     $100.00 for each count

---

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 –  Witness Tampering Proceeds

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  see attached penalty sheet

┌─ **DEFENDANT - U.S** ─

**FILED**

▶ HOU SHENGDONG

FEB - 7 2012

DISTRICT COURT NUMBER

CR 11-0573 JSW   RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form     MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Peter Axelrod & John Hemann

─── **DEFENDANT** ───

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____     Before Judge: _____

Comments:

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| --- | --- | --- | --- |

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| --- | --- | --- | --- |
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | PENALTY: | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**   $100.00 for each count

---

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Proceeds

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

┌── **OFFENSE CHARGED** ──┐

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: see attached penalty sheet

┌── **DEFENDANT - U.S** ──┐

▶ PANGANG GROUP COMPANY, LTD. (Pangang Group)

DISTRICT COURT NUMBER
CR 11-0573 JSW

*FILED*

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

┌── **PROCEEDING** ──┐

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Peter Axelrod & John Hemann

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction         } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed? ☐ Yes
                         ☐ No
} If "Yes" give date filed _____

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT     Bail Amount: _____
If Summons, complete following:
☒ Arraignment ☒ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 3/01/2012 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments: Appear in court before Judge Elizabeth D. Laporte on March 1, 2012 at 9:30 a.m.

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---------|-----|-----|-----|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution.<br>Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | PENALTY: | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**     $100.00 for each count

---

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 –  Witness Tampering Proceeds

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

┌─ **DEFENDANT - U.S** ─
▶ PANGANG GROUP STEEL VANADIUM & TITANIUM
COMPANY, LTD. (PGSVTC)

**FILED**

DISTRICT COURT NUMBER

CR 11-0573 JSW

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─────────── **PROCEEDING** ───────────

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No    give date filed   _____

DATE OF ▶   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 3/01/2012 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments: Appear in court before Judge Elizabeth D. Laporte on March 1, 2012 at 9:30 a.m.

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | PENALTY: | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 9 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | PENALTY: | 10 years imprisment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | **PENALTY:** | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**     $100.00 for each count

---

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Proceeds

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

─── OFFENSE CHARGED ───

see attached penalty sheet

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony

PENALTY:   see attached penalty sheet

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── DEFENDANT - U.S ───

PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD.
(Pangang Group Titanium)

DISTRICT COURT NUMBER

CR 11-0573 JSW

FILED

DEFENDANT

FEB - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Peter Axelrod & John Hemann

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☒ Arraignment   ☒ Initial Appearance

Defendant Address:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 3/01/2012 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments:   Appear in court before Judge Elizabeth D. Laporte on March 1, 2012 at 9:30 a.m.

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
|---------|---------|---------|---------|

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| **COUNT 8** | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | **PENALTY:** | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| **COUNT 9** | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| **COUNT 10** | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| **COUNTS 11 & 12** | 18 U.S.C. § 1512(b)(1) – Witness Tampering | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | PENALTY: | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | PENALTY: | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**      $100.00 for each count

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Proceeds

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

─ OFFENSE CHARGED ─

see attached penalty sheet
☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─ DEFENDANT - U.S ─

PANGANG GROUP INTERNATIONAL ECONOMIC &
TRADING COMPANY (PIETC)

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*
FEB - 7 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─ PROCEEDING ─

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY   ☐ DEFENSE
}

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant
}

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

─ DEFENDANT ─

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   } If "Yes"
been filed?   ☐ No   give date filed

DATE OF
ARREST ▸   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▸   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☒ Arraignment   ☒ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: 3/01/2012 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments:   Appear in court before Judge Elizabeth D. Laporte on March 1, 2012 at 9:30 a.m.

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, and 14; Forfeiture Allegations 1 - 3

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14; Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10; Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhi Zhao**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD. (PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD. (PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| --- | --- | --- | --- |

| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | PENALTY: | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $10,000,000 or twice the pecuniary gain or loss. |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | PENALTY: | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |

| **COUNTS 6 & 7** | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
|---|---|---|---|
| **COUNT 8** | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | **PENALTY:** | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| **COUNT 9** | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. Fine for organizational defendant: Not more than the greatest of $5,000,000 or twice the pecuniary gain or loss. |
| **COUNT 10** | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| **COUNTS 11 & 12** | 18 U.S.C. § 1512(b)(1) – Witness Tampering | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |

| COUNT 13 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution. |
| COUNT 14 | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | **PENALTY:** | 5 years imprisonment, $250,000 fine, 3 years supervised release and restitution. |

**SPECIAL ASSESSMENT:**   $100.00 for each count

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Proceeds

MELINDA HAAG (CABN 132612)
United States Attorney

**FILED**

FEB  - 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0573 JSW |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1831(a)(5) – Conspiracy to Commit Economic Espionage; 18 U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade Secrets; 18 U.S.C. § 1831(a)(4) – Attempted Economic Espionage; 18 U.S.C. § 1832(a)(4) – Attempted Theft of Trade Secrets; 18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets; 18 U.S.C. § 1832(a)(2) – Conveying Trade Secrets; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence; 18 U.S.C. § 1512(b)(1) – Witness Tampering; 18 U.S.C. § 1001(a)(2) – False Statements; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 1834 and 2323 – Economic Espionage Forfeiture;  18 U.S.C. §§ 1834 and 2323 – Trade Secret Forfeiture; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness Tampering Forfeiture |
| v. | |
| WALTER LIAN-HEEN LIEW,   a.k.a. LIU YUANXUAN, CHRISTINA HONG QIAO LIEW,   a.k.a. QIAO HONG, ROBERT J. MAEGERLE, USA PERFORMANCE TECHNOLOGY, INC., TZE CHAO,   a.k.a. ZHI ZHAO, HOU SHENGDONG, PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD., PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD., and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY, | |
| Defendants. | (SAN FRANCISCO VENUE) |
| | ~~(UNDER SEAL)~~ |

SUPERSEDING INDICTMENT
CR 11-0573 JSW ~~(UNDER SEAL)~~

1    SUPERSEDING INDICTMENT

2    The Grand Jury charges that at all times relevant to this Superseding Indictment:

3    INTRODUCTORY ALLEGATIONS

4    1.    The government of the People's Republic of China (PRC) publicly identified the

5    development of chloride-route titanium dioxide (TiO2) production technology as a

6    scientific and economic priority. Economic growth in the PRC had created significant

7    demand for TiO2, and because PRC companies had not been able to develop clean,

8    efficient TiO2 production technology, the PRC was a net importer of TiO2 from western

9    countries. Chloride-route TiO2 production technology was closely held by western

10   companies, including E.I. du Pont de Nemours & Company (DuPont), which had invented

11   and improved the technology through intensive research and development over many

12   years. DuPont was not willing to sell or license its proprietary technology to PRC

13   companies to build TiO2 factories in the PRC.

14   2.    Aware of the PRC's national priority and the barriers placed by DuPont on

15   access to the technology, at the times set forth below, individuals named in this

16   Superseding Indictment obtained TiO2 trade secrets belonging to DuPont and conveyed

17   information containing those trade secrets to companies controlled by the PRC

18   government without authorization from DuPont.

19   Defendants in the United States

20   3.    Defendant WALTER LIAN-HEEN LIEW, also known as LIU YUANXUAN

21   (WALTER LIEW), was a resident of California, and an owner and executive of USA

22   PERFORMANCE TECHNOLOGY, INC. (USAPTI) and its predecessor companies, LH

23   Performance, Inc. and Performance Group (USA), Inc. WALTER LIEW was born in

24   Malaysia in 1957, emigrated to the United States in 1984, and became a naturalized

25   citizen of the United States in 1993.

26   4.    Defendant CHRISTINA HONG QIAO LIEW, also known as QIAO HONG

27   (CHRISTINA LIEW), was a resident of California, and an owner and executive of

28   USAPTI and its predecessor companies, LH Performance, Inc. and Performance Group

SUPERSEDING INDICTMENT
CR 11-0573 JSW (UNDER SEAL)                2

(USA), Inc. CHRISTINA LIEW was born in the PRC in 1962, emigrated to the United States in 1993, and became a naturalized citizen of the United States in 1997. WALTER LIEW was married to CHRISTINA LIEW.

5.    Defendant USAPTI was a California corporation headquartered in Oakland, California that offered engineering consulting services. USAPTI succeeded to the rights and obligations of its predecessor companies, LH Performance, Inc. and Performance Group (USA), Inc., with respect to those companies' TiO2 business, and the business names were sometimes used interchangeably.

6.    Defendant TZE CHAO, also known as ZHI ZHAO, was a resident of Delaware and an owner of two consulting firms: Cierra Technology, Inc. (Cierra), incorporated in the State of Delaware, and Zhi Hua Technology Co., Ltd. (Zhi Hua), a Hong Kong-based entity. CHAO was born in China in 1934, emigrated to the United States in 1967, and became a naturalized citizen of the United States in December 1972. CHAO was a DuPont employee from 1966 to 2002.

7.    Defendant ROBERT J. MAEGERLE was a resident of Delaware and an owner of a consulting firm, Pinewater Designs, Inc. MAEGERLE was a process engineer, among other things, for DuPont from 1956 to 1991.

Defendants in the PRC

8.    The State-Owned Assets Supervision and Administration Commission of the State Council (SASAC) was a special government agency of the PRC. It was under the direct control of the State Council, the PRC's highest government authority. According to its website, SASAC "performs investor's responsibilities, supervises and manages the state-owned assets of the enterprises under the supervision of the Central Government . . . and enhances the management of the state-owned assets." The appointment of senior officers and directors of central state-owned assets was controlled by the Organization Department of the Communist Party of China Central Committee and managed by SASAC.

///

9.    Defendant PANGANG GROUP COMPANY LIMITED (PANGANG GROUP), also known as Panzhihua Iron and Steel (Group) Co., Ltd., was a state-owned enterprise controlled by SASAC and located in Sichuan Province, PRC.  The Chairman and certain other senior managers of PANGANG GROUP were officials of the Communist Party of China.  In or about 2002, PANGANG GROUP acquired, through a joint venture, Jinzhou Titanium Industry Co., Ltd. (PANGANG Jinzhou), which operated a small TiO2 manufacturing facility in Liaoning Province, PRC.

10.   PANGANG GROUP controlled the following subsidiaries (referred to collectively in this Superseding Indictment as the "PANGANG GROUP companies"):

a.    Defendant PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY LIMITED (PGSVTC), which shared senior management with PANGANG GROUP.

b.    Defendant PANGANG GROUP TITANIUM INDUSTRY COMPANY LIMITED (PANGANG GROUP TITANIUM) was formed in 2007 by PANGANG GROUP to develop a large chloride-route TiO2 factory in Sichuan Province.  PANGANG GROUP TITANIUM was owned and controlled by PANGANG GROUP and PGSVTC.

c.    Defendant PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC) was the financing arm of PANGANG GROUP.  It was responsible for securing the financing and handling the economic affairs of projects conducted by PANGANG GROUP.  PIETC was owned and controlled by PANGANG GROUP and PGSVTC.

11.   Defendant HOU SHENGDONG was a citizen of the PRC and worked for the PANGANG GROUP and PANGANG GROUP TITANIUM where he served as Vice Director of the Chloride Process TiO2 Project Department.

<u>DuPont Trade Secrets and Confidentiality Protections</u>

12.   DuPont was a company headquartered in Wilmington, Delaware that manufactured TiO2, a commercially valuable white pigment that was used in a large number of materials ranging from paints to plastics to paper.  DuPont manufactured TiO2

SUPERSEDING INDICTMENT
CR 11-0573 JSW (UNDER SEAL)                    4

1   at plants in the United States, Mexico, and Taiwan using proprietary technology and sold

2   it throughout the world in interstate and foreign commerce, including in the PRC.

3   DuPont was the world's largest producer of TiO2 pigment, and its TiO2 accounted for

4   approximately one-fifth of all world-wide TiO2 sales.

5       13.   DuPont invented the chloride-route process for manufacturing TiO2 in the 1940s

6   and has refined this process over time.  The production of TiO2 through the chloride-

7   route is a complex manufacturing process, and DuPont has been continually working to

8   improve its process since its invention.  Through its seventy years of experience, research

9   and development, DuPont has developed a proprietary TiO2 process that provides DuPont

10  with a competitive advantage in the international marketplace.

11      14.   DuPont's TiO2 technology included, but was not limited to, the following trade

12  secrets:

13      a.   **Trade Secret 1**: The complete DuPont chloride-route process to

14  manufacture TiO2.  Trade Secret 1 includes, but is not limited to, Trade Secrets 2 through

15  5 set forth below.

16      b.   **Trade Secret 2**: DuPont Drawing No. W1245258, titled "Edge Moor Plant

17  Oxidation W/RPS System Drawing."  This drawing, marked with the DuPont oval logo

18  trademark, explicitly stated that the "information and know-how [on the drawing] may

19  not be used nor the drawing reproduced without the written permission of DuPont."  The

20  drawing provided information about TiO2 oxidation area process, including detailed

21  process flow descriptions for each major stream within the process, including stream

22  capacities, chemical compositions, temperatures, pressures, and physical states.  The

23  drawing included details related to pipeline sizes, automatic and manual valve sizes and

24  locations, detailed instrumentation requirements, and safety relief devices.

25      c.   **Trade Secret 3**: DuPont Accession Report No. 18135, titled "Improved

26  Mixing Correlation for the TiCl4 Oxidation Reaction Computer Model," dated September

27  7, 1994, which appended a mathematical equation, referred to as the "Diemer

28  correlation," and related code in the Fortran language for a computer model.  The

1  correlation, which enabled the calculation of the mixing time and distance required for the

2  completion of the oxidation process for any DuPont reactor under any set of process

3  conditions, incorporated historical operating data from DuPont's production lines and its

4  oxidation science.  On its cover page, the report was marked "DuPont Confidential – use

5  and dispose per DISO [DuPont Information Security Organization] policy," and "[t]his

6  report contains confidential information and each holder is responsible for its

7  safekeeping.  When no longer needed, please destroy or dispose of in conformance with

8  PIP [Proprietary Information Protection] Guidelines."

9      d.    **Trade Secret 4**: DuPont Flow Sheet No. EK2411, titled "Edge Moor

10  Pigments Plant Flow Sheet – Reaction Area," with handwritten notations.  This flow

11  sheet, bearing the DuPont oval logo trademark, was marked "DuPont Confidential –

12  Special Control," and provided that the "employee receiving this registered print will sign

13  and print the attached acknowledging card, will properly safeguard this print and will be

14  held personally accountable for this print."  The flow sheet contained information about

15  the TiO2 reaction area process, *e.g.*, the process of treating ores with chlorine gas,

16  including the inter-connectivity of all major streams between the reaction area equipment,

17  which illustrates where and how DuPont injects chemical additives, fuel, feedstocks,

18  purge gases and coolants to the process.  This flow sheet also included roughly 30

19  alphanumeric handwritten references to a proprietary, internally-commissioned computer

20  simulation model on the ASPEN-PLUS® platform, known as the Reaction Aspen-Plus

21  (RAP) model, which was described in a separate confidential DuPont technical report.

22  The handwritten references matched the specific nomenclature used for the RAP model,

23  which was created for plant optimization projects and capacity expansions.

24      e.    **Trade Secret 5**: DuPont Document EM-C-8510-0148, titled "60,000

25  Metric Tons Per Year Scope/Basic Data," dated October 31, 1985, addressed to R.J.

26  MAEGERLE (the "Basic Data Document").  This 407-page document, which was

27  designated "Confidential – Special Control," and issued in numbered copies, provided the

28  scope and basic data for DuPont's then-planned chloride-route plant in Taiwan, which

later opened in Kuan Yin, Taiwan. It contained the process and equipment information necessary to design a greenfield (*e.g.*, a plant built from scratch at an undeveloped site), world-class production scale, integrated chloride-route $TiO_2$ production line. The Basic Data Document's security statement provided that the report is "highly confidential" and "[m]uch of the report data are considered in the 'trade secret' category and should not be released to vendor representatives and non-Company personnel." The Basic Data document was itself a trade secret and it contained numerous discrete trade secrets within in it.

15.   DuPont protected the confidential information surrounding its $TiO_2$ technology, including its trade secrets, to prevent unauthorized use or disclosure, by a variety of measures, including, but not limited to:

- limiting visitor access to its $TiO_2$ facilities;
- transmitting, receiving, and destroying confidential information in a secure manner;
- requiring employees to execute non-disclosure agreements;
- requiring separating employees to certify that they had returned all confidential or secret DuPont materials;
- compartmentalizing information surrounding the $TiO_2$ process and access to it;
- requiring permission to access data systems that contain $TiO_2$ documentation - including drawings, equipment specifications, instrument specifications, logic diagrams, standard operation procedures, maintenance work practices, technology reports, etc.;
- sending letters to former DuPont employees and/or competing companies that hired former DuPont employees regarding the protection of its trade secrets; and
- maintaining physical security measures in and around $TiO_2$ production facilities, including fences, gates, locks, guard facilities, surveillance, escort

1    requirements, identification badges, and prohibitions on photography and
2    videotaping.

3

4    COUNT ONE:    (18 U.S.C. § 1831(a)(5) – Conspiracy to Commit Economic Espionage)
5        16.  The allegations contained in Paragraphs 1 through 15 are re-alleged and
6    incorporated as if fully set forth herein.
7        17.  Beginning in or about 1998, and continuing to in or about October 2011, in the
8    Northern District of California and elsewhere, defendants

9                        WALTER LIEW,
                         CHRISTINA LIEW,
10                       USAPTI,
                         TZE CHAO,
11                       HOU SHENGDONG,
                         PANGANG GROUP,
12                       PGSVTC,
                         PANGANG GROUP TITANIUM, and
13                       PIETC,

14   together with others known and unknown to the Grand Jury, knowingly combined,
15   conspired and agreed to:
16        a.    knowingly and without authorization copy, duplicate, sketch, draw, alter,
17   photocopy, replicate, transmit, deliver, send, communicate, and convey trade secrets
18   belonging to DuPont; and
19        b.    knowingly receive, buy and possess trade secrets belonging to DuPont,
20   knowing the same to have been stolen, appropriated, obtained and converted without
21   authorization;
22   intending and knowing that the offenses would benefit a foreign government, namely the
23   PRC, and foreign instrumentalities, namely PANGANG GROUP, PGSVTC, PANGANG
24   GROUP TITANIUM, and PIETC, in violation of Title 18, United States Code, Sections
25   1831(a)(2) and (a)(3).

26                    Manner and Means of the Conspiracy
27        18.  In order to develop chloride-route TiO2 production capabilities and circumvent
28   DuPont's restriction on its proprietary technology, companies owned and controlled by

the PRC government and employees of those companies, including the PANGANG GROUP companies named in this Superseding Indictment, attempted to illegally obtain technology that had been developed by DuPont.

19. In the 1990s, WALTER LIEW learned that the government of the PRC had prioritized the development of chloride-route TiO2 technology. By the beginning of 1998, WALTER LIEW had assembled a team of former DuPont employees, including MAEGERLE and others, to assist him in his efforts to convey DuPont's TiO2 technology to entities in the PRC.

20. WALTER LIEW executed contracts with state-owned entities in the PRC for chloride-route TiO2 projects that relied on the transfer of illegally obtained DuPont technology, including: (a) a $5,600,000 contract in 1998 with the import and export company of Chengde Iron & Steel Group; (b) a $6,180,000 contract in 2005 with PANGANG Jinzhou for a 30,000 metric tons per year (MTPY) project; and (c) a $17,800,000 contract in 2009 with PIETC and PANGANG GROUP TITANIUM for a 100,000 MTPY project.

21. MAEGERLE had detailed knowledge of DuPont's TiO2 technology and expertise in building TiO2 production lines. In furtherance of the contracts entered into by WALTER LIEW, MAEGERLE provided WALTER LIEW and USAPTI with DuPont information, including information contained in Trade Secret 5.

### PANGANG GROUP Projects

22. In approximately 2003, PANGANG Jinzhou, a subsidiary of PANGANG GROUP, decided to build a larger, more efficient 30,000 MTPY chloride-process plant. WALTER LIEW wrote letters in 2003 and 2004, claiming to possess the complete TiO2 process technology and attempting to sell his services to PANGANG Jinzhou to design its new factory.

23. In March 2004, PANGANG GROUP hired CHAO as a consultant because of his experience with and knowledge of DuPont's TiO2 technology. At PANGANG GROUP's instruction, CHAO contacted WALTER LIEW and asked LIEW about his chloride-route

1  TiO2 technology.

2      24.  As part of the negotiation process for the PANGANG Jinzhou contract,
3  WALTER LIEW also provided PANGANG Jinzhou with numerous photographs of
4  DuPont facilities, which revealed proprietary and confidential aspects of the
5  manufacturing process.  WALTER LIEW obtained these photographs from MAEGERLE
6  who was not authorized to take or disseminate them outside DuPont.

7      25.  In or about 2008, PANGANG GROUP put out a request for proposal for a
8  100,000 MTPY chloride-route TiO2 project in Chongqing, PRC.  Both USAPTI and
9  Cierra (CHAO's company) submitted bids. No other engineering firm bid on the project.
10  In their efforts to obtain the contract, both USAPTI and Cierra represented to PANGANG
11  GROUP that they possessed DuPont technology.

12      26.  Throughout 2008, WALTER LIEW and MAEGERLE for USAPTI and CHAO
13  for Cierra provided detailed information to PANGANG GROUP regarding the design and
14  construction of the new facility.  During these technology exchanges, PANGANG
15  GROUP employees, including HOU SHENGDONG and an official from PANGANG
16  GROUP TITANIUM, asked WALTER LIEW and CHAO for DuPont blueprints and the
17  names of former DuPont employees who would work on the project.

18      27.  In 2009, PANGANG GROUP hired USAPTI to design the project in Chongqing.
19  The parties to the contract were USAPTI, PANGANG GROUP, and PIETC, and the
20  beneficiary of the contract was PANGANG GROUP's subsidiary, PANGANG GROUP
21  TITANIUM.

22      28.  Following the execution of the contract for the 100,000 MTPY project, USAPTI,
23  PANGANG GROUP TITANIUM, and PIETC had a series of meetings in San Francisco
24  and the PRC to advance the project.  At various times, WALTER LIEW, CHRISTINA
25  LIEW, MAEGERLE, and others attended meetings on behalf of USAPTI, and HOU
26  SHENGDONG and others attended meetings on behalf of PANGANG GROUP
27  TITANIUM.

28  ///

29.   The basic design information USAPTI delivered to PANGANG GROUP TITANIUM in August 2009 contained numerous features based on technology directly misappropriated from DuPont.  At the request of an official from PANGANG GROUP TITANIUM, CHAO reviewed USAPTI's designs in China in September 2009.  CHAO prepared a report for PANGANG GROUP TITANIUM with specific suggestions for improving USAPTI's designs.  CHAO's suggestions relied, in part, on DuPont's trade secrets, which he included in his report.

30.   Between July 6, 2009 and July 6, 2011, PIETC paid USAPTI (and its predecessor, Performance Group) $12,578,461 for work on the 100,000 MTPY project.

31.   Proceeds from the sale of DuPont technology to PANGANG GROUP were paid to WALTER LIEW, CHRISTINA LIEW, and USAPTI through letters of credit and letters of guarantee established at various Chinese banks.  To obtain this money, WALTER LIEW, CHRISTINA LIEW, and USAPTI drew down on the letters of credit and letters of guarantee through Mega International Commercial Bank in San Jose, California.  WALTER LIEW and CHRISTINA LIEW wired millions of dollars in proceeds from PANGANG GROUP to CHRISTINA LIEW's relatives in the PRC through bank accounts in Singapore and elsewhere.

Overt Acts

32.   In furtherance of the conspiracy and to effect its objects, defendants committed the following overt acts, among others, in the Northern District of California and elsewhere:

33.   On or about March 15, 1998, MAEGERLE sent a facsimile to WALTER LIEW that contained proprietary and confidential information about DuPont's TiO2 plant costs and personnel data, including information from Trade Secret 5.

34.   On or about October 8, 2005, MAEGERLE emailed WALTER LIEW a series of photographs from various DuPont facilities that contained proprietary and confidential information about DuPont technologies associated with its chloride-route TiO2 process.

///

35. On or about November 25, 2005, WALTER LIEW on behalf of Performance Group (USA), Inc. entered into a $6,180,000 contract on the 30,000 MTPY chloride-route TiO2 project with PIETC on behalf of PANGANG Jinzhou.

36. On or about April 17, 2008, WALTER LIEW directed Mega Bank to wire $759,982 to an account at the Development Bank of Singapore (DBS) in the name of Huadong Equipment Solutions, Pte, Ltd. (Huadong), over which WALTER LIEW had signature authority.

37. On or about May 29, 2008, WALTER LIEW directed DBS to wire $750,000 from the Huadong account in Singapore to an HSBC in account in Hong Kong belonging to CHRISTINA LIEW's father, a resident of the PRC, over which WALTER LIEW had signature authority.

38. On or about May 30, 2008, WALTER LIEW directed the transfer of approximately $670,000 from the HSBC account of CHRISTINA LIEW's father into a deposit account.

39. On or about June 2, 2008, employees of PANGANG GROUP companies, including HOU SHENGDONG, agreed that PANGANG GROUP would work with Cierra and CHAO if they employed former DuPont employees and possessed blueprints for DuPont's TiO2 plants.

40. On or about July 15, 2008, WALTER LIEW and CHRISTINA LIEW informed PANGANG GROUP TITANIUM that their drawings would replicate DuPont's DeLisle plant.

41. On or about August 22, 2008, MAEGERLE provided a USAPTI consultant with electronic copies of confidential, proprietary DuPont documents during a business trip to the PRC, including Trade Secret 2, Trade Secret 4, and a set of the photographs described in Paragraph 34.

42. On or about October 25, 2008, MAEGERLE emailed WALTER LIEW specific information from Trade Secret 5 and stated that "[t]he Jinzhou specifications were scaled down" from information from Trade Secret 5.

1    43.  In or about July 2009, MAEGERLE drafted a three-page document entitled,

2    "100K T/Y TiO2 CHLORINATOR DESIGN," which referenced specific confidential,

3    proprietary data contained in the Basic Data Document (Trade Secret 5), which he used to

4    scale up for the 100,000 MTPY project.

5    44.  On or about September 3, 2009, MAEGERLE sent WALTER LIEW an email

6    containing a specific and confidential figure from Trade Secret 5.

7    45.  On August 8, 2010, USAPTI executed a $796,000 contract with PIETC for

8    PANGANG GROUP Chongqing Titanium Industry Co., Ltd. to procure equipment for

9    the 100,000 MTPY project.

10   46.  In or about November 2010, WALTER LIEW provided a portion of Trade Secret

11   3 to a USAPTI employee.

12   47.  A USAPTI employee emailed himself portions of Trade Secret 3 on February 22,

13   2011, March 4, 2011, and March 8, 2011.

14   48.  On or about July 19, 2011, WALTER LIEW and CHRISTINA LIEW concealed

15   Trade Secret 2 and Trade Secret 4 at their residence in Orinda, California.

16   49.  On or about July 19, 2011, CHRISTINA LIEW attempted to prevent law

17   enforcement from gaining access to a safe deposit box at Bank of East Asia in Oakland,

18   California that contained copies of Trade Secret 2 and 4 and the photographs referenced

19   in Paragraph 34.

20   50.  In or about October 2011, HOU SHENGDONG attempted to contact CHAO for

21   additional assistance with the 100,000 MTPY project.

22        All in violation of Title 18, United States Code, Section 1831(a)(5).

23

24   COUNT TWO:        (18 U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade
                       Secrets)
25

26   51.  The allegations contained in Paragraphs 1 through 15 are re-alleged and

27   incorporated as if fully set forth herein.

28   ///

1  52.  Beginning in or about 1998, and continuing to in or about October 2011, in the

2  Northern District of California and elsewhere, defendants

3                              WALTER LIEW,
                               CHRISTINA LIEW,
4                              ROBERT MAEGERLE,
                               USAPTI,
5                              HOU SHENGDONG,
                               PANGANG GROUP,
6                              PGSVTC,
                               PANGANG GROUP TITANIUM, and
7                              PIETC,

8  together with others known and unknown to the Grand Jury, knowingly combined,

9  conspired and agreed to:

10       a.    knowingly and without authorization copy, duplicate, sketch, draw, alter,

11  photocopy, replicate, transmit, deliver, send, communicate, and convey trade secrets

12  belonging to DuPont; and

13       b.    knowingly receive, buy and possess trade secrets belonging to DuPont,

14  knowing the same to have been stolen, appropriated, obtained and converted without

15  authorization;

16  intending to convert a trade secret that is related to and included in a product, namely

17  TiO2, that is produced for and placed in interstate and foreign commerce, to the economic

18  benefit of someone other than DuPont, and intending and knowing that the offense would

19  injure DuPont, in violation of Title 18, United States Code, Sections 1832(a)(2) and

20  (a)(3).

21                      Manner and Means of the Conspiracy

22  53.  The objects of the conspiracy were carried out, in part, as alleged in Paragraphs

23  18 through 31 above.

24                                  Overt Acts

25  54.  In furtherance of the conspiracy and to effect its objects, defendants committed

26  the overt acts alleged in Paragraphs 32 through 50, among others, in the Northern District

27  of California and elsewhere.

28       All in violation of Title 18, United States Code, Section 1832(a)(5).

COUNT THREE:    (18 U.S.C. § 1831(a)(2) and (4) – Attempted Economic Espionage)

55.   The allegations contained in Paragraphs 1 through 15 and 18 through 50 are re-alleged and incorporated as if fully set forth herein.

56.   Beginning on a date unknown, but no later than 2008, and continuing to on or about July 19, 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
CHRISTINA LIEW, and
USAPTI

knowingly and without authorization attempted to copy, duplicate, sketch, draw, alter, photocopy, replicate, transmit, deliver, send, communicate, and convey a trade secret belonging to DuPont, specifically Trade Secret 1, intending and knowing that the offenses would benefit a foreign government, namely the PRC, and foreign instrumentalities, namely PANGANG GROUP, PGSVTC, PANGANG GROUP TITANIUM, and PIETC, in violation of Title 18, United States Code, Sections 1831(a)(2).

All in violation of Title 18, United States Code, Section 1831(a)(4).


COUNT FOUR:    (18 U.S.C. § 1831(a)(3) and (4) – Attempted Economic Espionage)

57.   The allegations contained in Paragraphs 1 through 15 and 18 through 50 are re-alleged and incorporated as if fully set forth herein.

58.   Beginning on a date unknown, but no later than 2008, and continuing to on or about October 2011, in the Northern District of California and elsewhere, defendants

HOU SHENGDONG,
PANGANG GROUP,
PGSVTC,
PANGANG GROUP TITANIUM, and
PIETC

knowingly attempted to receive, buy, and possess a trade secret belonging to DuPont, specifically, Trade Secret 1, knowing it to have been stolen, appropriated, obtained, and converted without authorization, intending and knowing that the offense would benefit a foreign government, namely the PRC, and foreign instrumentalities, namely PANGANG GROUP, PGSVTC, PANGANG GROUP TITANIUM, and PIETC, in violation of Title

SUPERSEDING INDICTMENT
CR 11-0573 JSW (UNDER SEAL)                     15

1 | 18, United States Code, Sections 1831(a)(3).

2 | All in violation of Title 18, United States Code, Section 1831(a)(4).

3 | COUNT FIVE:     (18 U.S.C. § 1832(a)(2) and (4) – Attempted Theft of Trade Secrets)

4 | 59.   The allegations contained in Paragraphs 1 through 15 and 18 through 50 are re-

5 | alleged and incorporated as if fully set forth herein.

6 | 60.   Beginning on a date unknown, but no later than 2008, and continuing to on or

7 | about July 19, 2011, in the Northern District of California and elsewhere, defendants

8
9 |                      WALTER LIEW,
                          CHRISTINA LIEW,
                          ROBERT MAEGERLE, and
                          USAPTI
10

11 | knowingly and without authorization attempted to copy, duplicate, sketch, draw, alter,

12 | photocopy, replicate, transmit, deliver, send, communicate, and convey a trade secret

13 | belonging to DuPont, specifically Trade Secret 1, with the intent to convert the trade

14 | secret, which was related to and included in a product, specifically $TiO_2$, that was

15 | produced for and placed in interstate and foreign commerce, to the economic benefit of

16 | someone other than DuPont, and intending and knowing that the offense would injure

17 | DuPont, in violation of Title 18, United States Code, Sections 1832(a)(2).

18 | All in violation of Title 18, United States Code, Section 1832(a)(4).

19

20 | COUNT SIX:       (18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets)

21 | 61.   The allegations contained in Paragraphs 1 through 15, 48, and 49 are re-alleged

22 | and incorporated as if fully set forth herein.

23 | 62.   On or about July 19, 2011, in the Northern District of California and elsewhere,

24 | defendants

25
26 |                      WALTER LIEW,
                          CHRISTINA LIEW, and
                          USAPTI
27

28 | knowingly possessed a trade secret, specifically Trade Secret 2, knowing it to have been

1  stolen and appropriated, obtained, and converted without authorization, with the intent to

2  convert the trade secret, which was related to and included in a product, specifically

3  TiO2, that is produced for and placed in interstate and foreign commerce, to the economic

4  benefit of someone other than DuPont, and intending and knowing that the offense would

5  injure DuPont.

6       All in violation of Title 18, United States Code, Sections 1832(a)(3).

7

8  COUNT SEVEN:    (18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets)

9       63.  The allegations contained in Paragraphs 1 through 15, 46, and 47 are re-alleged

10  and incorporated as if fully set forth herein.

11      64.  In or about 2010, in the Northern District of California and elsewhere,

12  defendants

13                        WALTER LIEW and
                          USAPTI
14

15  knowingly received and possessed a trade secret, specifically Trade Secret 3, knowing it

16  to have been stolen and appropriated, obtained, and converted without authorization, with

17  the intent to convert the trade secret, which was related to and included in a product,

18  specifically TiO2, that is produced for and placed in interstate and foreign commerce, to

19  the economic benefit of someone other than DuPont, and intending and knowing that the

20  offense would injure DuPont.

21      All in violation of Title 18, United States Code, Sections 1832(a)(3).

22
    COUNT EIGHT:    (18 U.S.C. §§ 1832(a)(2) and 2 – Conveying Trade Secrets; Aiding
23                              and Abetting)

24      65.  The allegations contained in Paragraphs 1 through 15, 21, and 42 through 44 are

25  re-alleged and incorporated as if fully set forth herein.

26  ///

27  ///

28  ///

66.  Between in or about 1998 to July 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
ROBERT MAEGERLE, and
USAPTI

knowingly and without authorization copied, duplicated, sketched, drew, altered, photocopied, replicated, transmitted, delivered, sent, communicated, and conveyed a trade secret belonging to DuPont, specifically Trade Secret 5, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont, and did aid and abet such conduct.

All in violation of Title 18, United States Code, Sections 1832(a)(3) and 2.

COUNT NINE:        (18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets)

67.  The allegations contained in Paragraphs 1 through 15, 48, and 49 are re-alleged and incorporated as if fully set forth herein.

68.  On or about July 19, 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
CHRISTINA LIEW, and
USAPTI

knowingly possessed a trade secret, specifically Trade Secret 4, knowing it to have been stolen and appropriated, obtained, and converted without authorization, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont.

All in violation of Title 18, United States Code, Sections 1832(a)(3).

///

COUNT TEN:    (18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence)

69.   The factual allegations set forth in Paragraphs 1 through 15 and 18 through 50 are re-alleged and incorporated as if fully set forth herein.

70.   On or about April 6, 2011, DuPont filed a civil complaint in United States District Court in San Francisco.  The complaint alleged that USAPTI, WALTER LIEW, and J.L., a USAPTI employee (the "civil defendants"),  misappropriated trade secrets from DuPont.  The federal civil complaint alleged that the civil defendants "wrongfully obtained and possess confidential, proprietary, trade secret materials providing detailed specifications for DuPont's Chloride-route titanium dioxide ('TiO2') pigment manufacturing process."

71.   On or about and between April 6, 2011, and May 11, 2011, in the Northern District of California and elsewhere, defendants

> WALTER LIEW,
> ROBERT MAEGERLE, and
> USAPTI

knowingly conspired to commit violations of 18 U.S.C. § 1512(c).

72.   As part of the conspiracy, WALTER LIEW, MAEGERLE, and USAPTI corruptly obstructed, influenced, and impeded an official proceeding, in violation of 18 U.S.C. § 1512(c)(2).

73.   Specifically, after DuPont filed the federal civil complaint, MAEGERLE emailed WALTER LIEW for the purpose of assisting WALTER LIEW in responding to the lawsuit and knowing that WALTER LIEW would use the information for that purpose. MAEGERLE emailed materially false information about the source of the information used for USAPTI's projects in the PRC and specifically stated that no information from DuPont's Kuan Yin plant was used in the USAPTI designs, which was false and known to be false to both MAEGERLE and LIEW.  MAEGERLE provided LIEW with comments on specific paragraphs of the complaint.

///

74.   LIEW caused an answer to be filed to the federal civil complaint on or about May 11, 2011, which contained false statements, including the answer to paragraph 32 of the complaint that "Defendants have never misappropriated any information from DuPont or any of its locations, whether the Kuan Yin facility or otherwise."

All in violation of Title 18, United States Code, Section 1512(k).

COUNT ELEVEN:          (18 U.S.C. § 1512(b)(1) – Witness Tampering)

75.   The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, and 70 are re-alleged and incorporated as if fully set forth herein.

76.   In or about April 2011, in the Northern District of California, defendant

WALTER LIEW

did knowingly intimidate, threaten, and corruptly persuade, and attempt to intimidate, threaten, and corruptly persuade, another person, specifically J.L., with the intent to influence, delay, and prevent the testimony of J.L. in an official proceeding.

77.   WALTER LIEW, CHRISTINA LIEW, and USAPTI employed and paid at least two former DuPont employees for assistance in designing TiO2 manufacturing facilities for two or more customers in China.  These employees were known to J.L. when he worked for USAPTI.

78.   Specifically, after learning that he, USAPTI, and J.L. had been sued by DuPont in federal district court for misappropriation of trade secrets, WALTER LIEW met with J.L. and told J.L. that he should not say anything about other individuals who had worked with USAPTI – meaning the former DuPont employees – because it would not be good for J.L. or J.L.'s family.

All in violation of Title 18, United States Code, Section 1512(b)(1).

COUNT TWELVE:          (18 U.S.C. § 1512(b)(1) – Witness Tampering)

79.   The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, 77, and 78 are re-alleged and incorporated as if fully set forth herein.

80.   In or about April 2011, in the Northern District of California, defendant

CHRISTINA LIEW

did knowingly intimidate, threaten, and corruptly persuade, and attempt to intimidate, threaten, and corruptly persuade, another person, specifically J.L., with the intent to influence, delay, and prevent the testimony of J.L. in an official proceeding.

81.   Specifically, after learning that WALTER LIEW, USAPTI, and J.L. had been sued by DuPont in federal district court for misappropriation of trade secrets, CHRISTINA LIEW met with J.L. and discussed the pending litigation.  During that meeting, CHRISTINA LIEW told J.L. not to reveal in connection with the civil litigation the identities of the former DuPont employees of whom J.L. was aware through his work with USAPTI.

All in violation of Title 18, United States Code, Section 1512(b)(1).

COUNT THIRTEEN:        (18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence)

82.   The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, 77, 78, and 81 are re-alleged and incorporated as if fully set forth herein.

83.   On or about July 19, 2011, agents of the Federal Bureau of Investigation (FBI) executed a search warrant at the residence of WALTER LIEW and CHRISTINA LIEW in Orinda, California, as part of a federal criminal investigation.

84.   Between on or about April 6, 2011 and July 19, 2011, in the Northern District of California, and elsewhere, defendants

WALTER LIEW and
CHRISTINA LIEW

conspired to commit violations of 18 U.S.C. §§ 1512(b)(3) and (c)(1).

85.   As part of the conspiracy, WALTER LIEW and CHRISTINA LIEW knowingly engaged in misleading conduct toward agents of the FBI with the intent to hinder, delay, and prevent the communication to those agents of information regarding the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

86. As further part of the conspiracy, WALTER LIEW and CHRISTINA LIEW corruptly concealed records, documents, and other objects, and attempted to do so, with the intent to impair the availability of the records, documents, and objects for use in an official proceeding, in violation of 18 U.S.C. § 1512(c)(1).

87. During the search of the LIEWs' residence conducted on July 19, 2011, FBI agents found safe deposit box keys. Speaking in Mandarin Chinese, WALTER LIEW directed CHRISTINA LIEW to deny knowing anything about the keys. CHRISTINA LIEW followed his direction by stating to the agents in English that she did not remember the safe deposit boxes when, in fact, she knew at the time that she had a safe deposit box, to which one of the keys corresponded, at the Bank of East Asia in Oakland, California. The safe deposit box contained information regarding USAPTI and USAPTI's relationship with a Chinese customer that was purchasing TiO2 technology from USAPTI, among other records, documents, and objects relevant to the FBI's investigation.

All in violation of 18 U.S.C. § 1512(k).

COUNT FOURTEEN: (18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting)

88. The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, 77, 78, 81, 83, and 85 through 87 are re-alleged and incorporated as if fully set forth herein.

89. On or about July 19, 2011, in the Northern District of California, defendants

WALTER LIEW and
CHRISTINA LIEW

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the Government of the United States, to wit, they denied knowledge of the bank safe deposit box keys found in their home, when, in fact, they knew at the time they were asked by FBI special agents that they had a safe deposit box to which one of the keys

1 | corresponded.

2 |      All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

3

4 | FIRST FORFEITURE ALLEGATION:  (18 U.S.C. §§ 1834 and 2323 – Proceeds and
5 |                 Property Involved in Economic Espionage)

6 |    90.  The allegations contained in Counts One, Three, and Four of this Superseding

7 | Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging

8 | forfeiture pursuant to Title 18, United States Code, Sections 1834 and 2323.

9 |    91.  Upon conviction of the offenses in violation of Title 18, United States Code,

10 | Section 1831 set forth in Counts One, Three, and Four of this Superseding Indictment,

defendants

11

12 |                  WALTER LIEW,
                 CHRISTINA LIEW,
                 USAPTI,

13 |                  TZE CHAO,
                 HOU SHENGDONG,

14 |                  PANGANG GROUP,
                 PGSVTC,

15 |                  PANGANG GROUP TITANIUM, and
                 PIETC

16

17 | shall forfeit to the United States of America, pursuant to Title 18, United States Code,

18 | Sections 1834 and 2323, any property used, or intended to be used, in any manner or part

19 | to commit or facilitate the commission of the offenses; and any property constituting or

20 | derived from any proceeds obtained directly or indirectly as a result of the commission of

21 | the offenses.

22 |    92.  If any of the property described above, as a result of any act or omission

23 | of the defendants:

24 |       a.   cannot be located upon the exercise of due diligence;

25 |       b.   has been transferred or sold to, or deposited with, a third party;

26 |       c.   has been placed beyond the jurisdiction of the court;

27 |       d.   has been substantially diminished in value; or

28 |       e.   has been commingled with other property which cannot be divided

1     without difficulty,

2   the United States of America shall be entitled to forfeiture of substitute property pursuant

3   to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

4   States Code, Section 2323(b).

5     All pursuant to Title 18, United States Code, Sections 1834 and 2323.

6

7   SECOND FORFEITURE          (18 U.S.C. §§ 1834 and 2323 – Proceeds and
    ALLEGATION:                Property Involved in Theft of Trade Secrets)
8

9     93.  The allegations contained in Counts Two and Five through Nine of this

10  Superseding Indictment are hereby re-alleged and incorporated by reference for the

11  purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 1834

12  and 2323.

13    94.  Upon conviction of the offenses in violation of Title 18, United States Code,

14  Section 1832 set forth in Counts Two and Five through Nine of this Superseding

15  Indictment, defendants

16                         WALTER LIEW,
                           CHRISTINA LIEW,
17                         ROBERT MAEGERLE,
                           USAPTI,
18                         HOU SHENGDONG,
                           PANGANG GROUP,
19                         PGSVTC,
                           PANGANG GROUP TITANIUM, and
20                         PIETC

21  shall forfeit to the United States of America, pursuant to Title 18, United States Code,

22  Sections 1834 and 2323, any property used, or intended to be used, in any manner or part

23  to commit or facilitate the commission of the offenses ; and any property constituting or

24  derived from any proceeds obtained directly or indirectly as a result of the commission of

25  the offenses.

26    95.  If any of the property described above, as a result of any act or omission

27  of the defendants:

28        a.   cannot be located upon the exercise of due diligence;

SUPERSEDING INDICTMENT
CR 11-0573 JSW (UNDER SEAL)          24

1        b.    has been transferred or sold to, or deposited with, a third party;

2        c.    has been placed beyond the jurisdiction of the court;

3        d.    has been substantially diminished in value; or

4        e.    has been commingled with other property which cannot be divided

5             without difficulty,

6  the United States of America shall be entitled to forfeiture of substitute property pursuant

7  to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

8  Code, Section 2323(b).

9      All pursuant to Title 18, United States Code, Sections 1834 and 2323.

10

11  THIRD FORFEITURE     (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness
     ALLEGATION:           Tampering Proceeds)
12

13    96.   The allegations contained in Counts Ten through Thirteen of this Superseding

14  Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging

15  forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

16  United States Code, Section 2461(c).

17    97.   Upon conviction of the offenses in violation of Title 18, United States Code,

18  Section 1512 set forth in Counts Ten through Thirteen of this Superseding Indictment,

19  defendants

20                            WALTER LIEW,
                            CHRISTINA LIEW,
21                            ROBERT MAEGERLE, and
                            USAPTI
22

23  shall forfeit to the United States of America, pursuant to Title 18, United States Code,

24  Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real

25  or personal, which constitutes or is derived from proceeds traceable to the offenses.

26    98.   If any of the property described above, as a result of any act or omission

27  of the defendants:

28        a.    cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

DATED: _Feb 7, 2012_       A TRUE BILL

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____ )
                     AUSA Peter B. Axelrod
                     AUSA John H. Hemann