Jerome J. Froelich Jr. (Georgia Bar No. 278150)
jerryfroelich@comcast.net
1360 Peachtree Street
One Midtown Plaza, Suite 910
Atlanta, Georgia 30309
Attorney for Defendant Robert J. Maegerle

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. CR 11-0573 JSW |
| | : | |
| Plaintiff, | : | |
| | : | DEFENDANT ROBERT J. |
| | : | MAEGERLE'S |
| | : | SENTENCING MEMORANDUM |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | DATE:    August 26, 2014 |
| | : | TIME:    1:00pm |
| ROBERT J. MAEGERLE et al., | : | PLACE:   Oakland, Courtroom 5, 2nd |
| | : | Floor |
| | : | JUDGE:   Hon. Jeffrey S. White |
| Defendant | : | |

Comes now Defendant Robert J. Maegerle ("Bob Maegerle") by and through his attorney, Jerome J. Froelich Jr., and files this Sentencing Memorandum.

## **Introduction**

As the Court knows, the Federal Sentencing Guidelines, while they are to be considered by a sentencing court, are not mandatory. The Guidelines are advisory and a sentencing court has great discretion in its sentencing decisions. It is 18 U.S.C. §3553 which in reality controls the sentence to be imposed by the sentencing court. *See: United States v. Cathy*, 520 F. 3d 984, 991 (9th Cir. 2008). Further, there is no presumption of reasonableness attached to the guidelines, nor are the guidelines to be weighed more heavily

than §3553(a) factors Id. at 994.

In *Gall v. United States*, 552 U.S. 38, 47 (2007), the Court held that appellate courts cannot require the sentencing court to rely on "extraordinary circumstances" to justify a variance or departure from the guidelines.  Further, the Court rejected "...the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justification required for a specific sentence".

In this case there are numerous reasons why this court should depart downward or vary from the guidelines set forth in the Presentence Report, i.e., Bob Maegerle will not violate the law again; he has accepted responsibility for his actions; he has no prior criminal record; he has a lifetime of charitable and civic good works; he will be 79 years old; he has significant health problems; he is the care take of a terminal ill wife; he was not charged with economic espionage; his profit was demeninous compared to that of his co-defendants and the government will be recommending a non-custodial sentence for co-defendant Christina Liew.

### Bob Maegerle's Background

Bob Maegerle was born in Long Island, New York on September 1, 1935.  He will be seventy-nine (79) years old on September 1, 2014.  Bob's family moved to Delaware when he was five years old because his father, Gerold Maegerle, took a position as a purchasing agent at DuPont.  Bob's parents and his only sibling, his sister Joan, are deceased.  In 1957 Bob earned a mechanical engineering degree from the University of Delaware.

Bob married Mary McCafferty on October 5, 1959.  They have five children John Maegerle, 53 who resides in Elkton, Maryland; Mary, 52 a trauma flight nurse and lives in Newark, Delaware; Margaret 50 resides in Georgetown, Texas and works with the elderly; Michael 48 resides in Poughkeepsie, New York and works as a manager of an environmental

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -2-

company; and Robert 45 resides in Newark, Delaware and is dean of students at a Catholic high school. Bob Maegerle has twelve grandchildren and three great-grandchildren. Bob Maegerle has no prior criminal record.

Approximately nine years ago Mary Maegerle was diagnosed with several severe chronic illnesses, including Neurodegenerative disease, Caverous, Hemangioma and Periperal Neuropathy disease. Since that time Bob Maegerle has been his wife's primary care giver. Mrs. Maegerle has been confined to her bed since November 2013. Her condition is terminal. Bob has provided the daily care for his wife. Several years ago a hospice nurse was brought in to attend to Mrs. Maegerle several times a week to help Bob care for his wife. Recently, Bob suffered seizures and now, while Bob still provides daily care for his wife, a full time hospice nurse is also required at the Maegerle home to care for Mrs. Maegerle.

### Bob Maegerle's Employment at DuPont

Bob Maegerle started working at DuPont as an intern during the summer of 1956 while still in college. He started full time employment as an engineer with DuPont upon graduation from the University of Delaware in 1957. His employment was broken only for a short period when he served on active duty in the Army National Guard. Bob Maegerle was an honor graduate in his Training Regiment (Exhibit 1) and received the highest grade in his unit. (Exhibit 2) Bob Maegerle worked for DuPont for a period of thirty-five (35) years. He retired on December 5, 1991.

While at DuPont, and after his retirement, Bob Maegerle received numerous promotions and letters of commendation for work he did on major projects for DuPont. A sampling of those awards and commendation are as follows:

Exhibit 3        Divisional Award in recognition of sustained, high-level performance and

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM        -3-

significant contribution to the TiO2 ventures planned for Taiwan and Korea - December 26, 1986

Exhibit 4    PED Leadership Re team's success - October 1989

Exhibit 5    Project and Award Program E.I. Du Pont De Nemours & Company Inc. Project Engineer Division Silver Award in recognition of perseverance and initiative that led to the authorization of the DeLisle Line II project 5901 and enabled the integrated project team.  - December 19, 1989

Exhibit 6    For Excellence - 1989

Exhibit 7    E.I Du Pont De Nemours & Company Inc. Project Engineering Department appointed Senior Projects Engineer in the Chemicals & Pigments section and continue responsibilities for the titanium dioxide expansion project at the DeLisle Plant and assist with strategic planing and front-end loading activity for the Korean titanium dioxide venture - February 1,1990

Exhibit 8    Senior Projects Engineer - February 8, 1990

Exhibit 9    Partners in Quality DeLisle Line II Project Team - September 20, 1990

Exhibit 10    Partners in Quality DeLisle Line II Project - October 3, 1990

Exhibit 11    Letter of Commendation - April 15, 1991

Exhibit 12    Engineering Excellence Award Nomination - March 23, 1992

Exhibit 13    Du Pont Engineering Department Engineering Excellence Award Nomination - April 7, 1993

Exhibit 14    Certificate of Appreciation for Outstanding Community Service - June 16, 1995

Exhibit 15    Quality Engineering Partner Testimonial - Operational Development Series

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM        -4-

**The Charges Against Bob Maegerle**

Bob Maegerle was charged in Count Two with a Conspiracy to Commit Theft of Trade Secretes in violation of 18 U.S.C. §1832(a)(2); Count Five alleged Theft of Trade Secrets in violation of 18 U.S.C. §1832(a)(2); Count Eight, Conspiracy Trade Secrets in violation of 18 U.S.C. §1832(a)(2) and 18 U.S.C. §2 and Count Ten Conspiracy to Tamper with Witness and Evidence in violation of 18 U.S.C. §1512 (k).  He was convicted of each count.

The above charges grew out of Bob Maegerle's possession of copies of portions of and notes made from the Basic Data Document.  In his opening statement and closing argument Bob Maegerle's counsel admitted that Bob Maegerle had portions of the Basic Data Document.  Bob Maegerle's defense was that the information he provided to the Liews, was not trade secrets, but contained information that had been released by DuPont or was in the public record.

**Acceptance of Responsibility**

Shortly after the trial, Bob Maegerle informed counsel that he accepted the jury's verdict and did not want to proceed with a motion for a new trial nor appeal his conviction.  Because counsel was starting another trial counsel filed motions for a new trial and direct verdicts to give Bob Maegerle time to confirm his decision.  Shortly after filing those motions Bob Maegerle confirmed that he did not wish to proceed with the motions or appeal his convictions, and that he accepted the jury's verdicts.  Counsel immediately informed the government of Bob's decision.  Bob Maegerle also accepted responsibility in his interview with the probation office shortly after the verdict.

In response to counsel's request for Bob Maegerle to receive acceptance of responsibility the Probation Officer cited the first sentence of Application Note 2 to §3E1.1

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -5-

of the Federal Sentencing Guidelines which states that the adjustment was not intended to apply to defendants who proceed to trial.  However, the next sentence states that proceeding to trial does not automatically preclude a defendant from acceptance of responsibility.

In *United States v. Villasenor-Cesar*, 114 F. 3d 970 (9th Cir. 1997) the Court found that even if a defendant elects to go to trial, he may still qualify for a two level reduction for acceptance of responsibility if he later clearly accepts responsibility for his offense.  In this case Bob Maegerle has clearly demonstrated acceptance of responsibility for his actions not only by his statement to the probation office, but by the withdrawal of his motions for a new trial and direct verdicts, but also from his statement that he will not appeal his convictions.

### The Difference Between Co-Defendant's Walter Liew and Christina Liew and Bob Maegerle

Walter Liew was charged in and convicted of Count One, Conspiracy to Commit Economic Espionage in violation of 18 U.S.C. §1831(a)(5); Count Two, Conspiracy to Commit Theft of Trade Secrets in violation of 18 U.S.C. §1832 (a)(5); Count Three Attempted Economic Espionage in violation of 18 U.S.C. §1832(a)(2) and (4); Count Five Attempted Theft of Trade Secrets in violation of 18 U.S.C. §1831(a)(2) and (4); Count Six Possession of Trade Secrets in violation of 18 U.S.C. §1832 (a)(3); Count Seven Possession of Trade Secrets in violation of 18 U.S.C. §1832(a)(3); Count Eight Conveying Trade Secrets in violation of 18 U.S.C. §1832(a)(2); Count Nine Possession of Trade Secrets in violation of 18 U.S.C. §1832 (a)(3); Count Ten Conspiracy to Tamper with Witnesses and Evidence in violation of 18 U.S.C. §1512(k); Count Eleven Witness Tampering in violation of 18 U.S.C. §1512(b)(1); Count Thirteen Conspiracy to Tamper with Evidence in violation of 18 U.S.C. §1512(k); Count Fourteen False Statement to the Federal Bureau of Investigation in violation of 18 U.S.C. §1001(a)(2); Count Fifteen Filing False Tax Return in violation of 26 U.S.C. §7206(1); Count Sixteen Filing False Tax Return in violation of 26 U.S.C. §7206(1);

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM            -6-

Count Seventeen Filing False Tax Return in violation of 26 U.S.C. §7206(1); Count Eighteen Filing False Tax Return in violation of 26 U.S.C. §7206(1); Count Nineteen Filing False Tax Return in violation of 26 U.S.C. §7206(1); Count Twenty False Statements in Bankruptcy Proceedings in violation of 18 U.S.C. §152(3); Count Twenty-One False Statements in Bankruptcy Proceedings in violation of 18 U.S.C. §152(3); and Count Twenty-Two false Oath in Bankruptcy Proceedings in violation of 18 U.S.C. §152(2).

Co-Defendant Christina Liew was charged in Count One Conspiracy to Commit Economic Espionage in violation of 18 U.S.C. §1381(a)(5); Count Two Conspiracy to Commit Theft of Trade Secrets in violation of 18 U.S.C. §1832(a)(5); Count Three Attempted Economic Espionage in violation of 18 U.S.C. § 1831(a)(2) and (4); Count Five Attempted Theft of Trade Secrets in violation of 18 U.S.C. §1832(a)(2) and (4); Count Six Possession of Trade Secrets in violation of 18 U.S.C. §1832(a)(3); Count Nine Possession of Trade Secrets in violation of 18 U.S.C. §1832(a)(3); Count Twelve Witness Tampering in violation of 18 U.S.C. §1512(b)(1); Count Thirteen Conspiracy top Tamper with Evidence in violation of 18 U.S.C. §1512(k); and Count Fourteen False Statements in a Matter Within the Jurisdiction of the Executive Branch - Aiding and Abetting in violation of 18 U.S.C. §1001(a)(2). It is counsel's understanding and Christina Liew have reached a plea agreement where Christina Liew is to receive a non-custodial sentence.

Walter and Christina Liew received approximately $28,000,000 for their roles in the above trade secret offenses, while Bob Maegerle received approximately $370,000. Further, the Liews' criminal conduct went far beyond that of Bob Maegerle's.

Counsel would submit that Note 3A to 3B1.2 of the Federal Sentencing Guidelines would be applicable to Bob Maegerle. Note 3 states, in part, that ...a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1....that greatly exceeds the

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -7-

defendant's personal gain from a fraud offense and who had limited knowledge of the scope of the scheme is not precluded from consideration for an adjustment under the guidelines.

In this case, Bob Maegerle received only 01.32% of the monies received by Walter and Christina Liew. Bob Maegerle had no knowledge the Chinese government was involved, nor did he know that USAPTI had received $28,000,000. In fact, Walter Liew had filed bankruptcy during the time Bob Maegerle acted as a consultant to USAPTI and the Liews.[1] It is also important to remember that Bob Maegerle was not charged with Economic Espionage.

In view of the above counsel would submit that the use of $370,000 Bob Maegerle received would increase the Basic Offense Level of 6 by 12 levels, for a Total Offense Level of 18. If given a 2 Level adjustment for acceptance of responsibility, it would bring Bob Maegerle Total Offense Level to 16 which carries a sentence of 21 to 27 months.

### Bob Maegerle Has Had An Outstanding Life

Bob Maegerle has no prior criminal record. He had an outstanding record at DuPont. Most importantly, he had an outstanding reputation in the community and has done charitable and civic work throughout his entire life. It is also clear that Bob Maegerle will never violate the law again and his good reputation is forever tarnished as he is now a convicted felon.

Counsel has been flooded with letters in support of Bob Maegerle from his family, friends and colleagues. Below is a brief summary of those letters which have been filed as exhibits.

---

[1] While not arguing that Bob Maegerle is not responsible for his action, counsel believes that the Liews were very good at taking advantage of Bob Maegerle's desire to be an active engineer by originally hiring him for a seminar, then sending him and his wife notes and gifts, emphasizing they were his friends, expressing concern for the health of his wife and visiting he and his wife in Delaware.

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM        -8-

**Letters from Bob Maegerle's family**

Exhibit 16     Patricia Corrao, Bob Maegerle's niece, wrote he "has always been a hard working family man" who "is active in his church and his community".

Exhibit 17     Laurie E. Maegerle, who is married to Bob Maegerle's son Bob, wrote that he is a dedicated family man who is active in the community e.g. "Meals on Wheels, the Building Committee for the Catholic Church he attends and helps many of his neighbors.

Exhibit 18     Reverend William T. Cocco, a Roman Catholic priest, who has known Bob Maegerle for twenty-seven (27) years, and knows him to be active in the Civic Association and the Planning Commission for the Catholic Diocese of Wilmington, Delaware and that throughout his life Bob has always helped people.

Exhibit 19     Fran Davies, Bob Maegerle's cousin, wrote that he has always been a source of inspiration to family and friends.

Exhibit 20     Gerald Russo, a nephew of Bob Maegerle, and writes that his uncle is involved in Knights of Columbus, Meals on Wheels, the Citizens Coalition, the TCE Tax Assistance Program.

Exhibit 21     Ian Parisi Bob Maegerle's granddaughter knows of his charitable work and his care for his wife.

Exhibit 22     Autrey Russo Bob Maegerle's niece knows he is active in the church and the community.

Exhibit 23     Linda Aughtman Mr. Maegerle's niece, knows that he has always cared for other people.

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM            -9-

Exhibit 24      Keely Maegerle is married to Bob Maegerle's youngest son Rob, and knows him to be a dedicated family man who refused to put his wife Mary in a nursing home, but cared for her himself.

Exhibit 25      Mary Kucharski Bob Maegerle's daughter stating how much he means to the family.

Exhibit 26      Michael Gerald Maegerle, Bob Maegerle's son, stating his father's good works for his family, church and community.

Exhibit 27      Sarah Bozeman Bob Maegerle's granddaughter, always help all members of the family.

Exhibit 28      Peggy Maegerle Parisi, Bob Maegerle's daughter, her father is unselfish and caring.

Exhibit 29      Robert P. Maegerle, youngest child of Bob Maegerle. His father is the glue that holds the family together.

Exhibit 30      Lily Maegerle, Bob Maegerle's 7 year old great granddaughter.

**Letters from Bob Maegerele's Friends and Neighbors**

Exhibit 31      Andrew J. Brennan, who has known Bob Maegerle since 1980.

Exhibit 32      Patti Jean Pasquino, a neighbor of Bob Maegerle and a social worker who has seen Bob Maegerle and the daily care given to his wife since she became ill 9 years ago.

Exhibit 33      Mildred S. McCafferty, wrote Bob Maegerle is active in the community including Meals on Wheels for 12 years.

Exhibit 34      Patricia A. Quill, a neighbor of Bob Maegerle, who knows he cares for his wife and attends church regularly.

Exhibit 35      Jeffrey E. Kraft, a neighbor of Bob Maegerle who has known him for

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -10-

48 years and has been a great influence in Mr. Kraft's life.

Exhibit 36    Dean J. Moore has known Bob Maegerle for 50 years and knows his extensive volunteer work.

Exhibit 37    Joe Weinacht has known Mr. Maegerle for 50 years and seen how he cares for his wife.

Exhibit 38    Eileen and Robert Polini has known Bob Maegerle for 14 years, knows of the charitable work he has done in the community.

Exhibit 39    Professor Richard Jay Weinacht and his wife Bernice B. Weinacht, have known Bob Maegerle since the early 1960's and he has always contributed to the community.

Exhibit 40    Sandy Hazzard has known Bob Maegerle since 1957 and knows he has cared for his ill wife.

Exhibit 41    Anthony Russo has known Bob Maegerle for 60 years and knows him to be active in the church, the community and a dedicated husband and father.

Exhibit 42    Frank and Hilda Skomorucha have known Bob Maegerle for 10 years and had known his charitable, civic and social contributions.

Exhibit 43    Sergeant Harold Bozeman knows Bob Maegerle is always concerned about others.

Exhibit 44    Anna Lawrence has known Bob Maegerle for 40 years and he has always showed concern for others.

Exhibit 45    Frederick H. Steinke, PhD. and Grace E. Steinke RN have known Bob Maegerle since 1953 and know he has always been involved in the community.

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -11-

Exhibit 46    Jonathan S. Holveck known Bob Maegerle for 46 years and admired how he converted his dining room into a hospital room to care for his wife rather than placing her in a home.

Exhibit 47    Michael R. Tyler, colleague of Bob Maegerle at DuPont, he was a well respected member of the community.

Exhibit 48    Donald and Linda Rooney, friends of Bob Maegerle for 12 years and he always provided a helping hand.

Exhibit 49    Louis E. Kraft has known Bob Maegerle for 45 years as a God fearing, humble man.

Exhibit 50    Bill Bloomfield has known Bob Maergerle for over 30 years and considered him a role model.

Exhibit 51    Helen M. Abrams and Carol A. Wells have known Bob Maegerle for 26 years and he was always helping out in the community.

Exhibit 52    Sister Redempta Sweeney, IHM and Sister Sandra Grieco, IHM have known Bob Maegerle as a man who is devoted to his wife.

Exhibit 53    Laurence and Jane Taylor neighbors of Bob Maegerle known him as a person who gives to the community.

Exhibit 54    Michael M. Dominguez known Bob Maegerle for 14 years and he is a pillar of the community.

Exhibit 55    Deacon James Walls has known Bob Maegerle to give much time and energy to the church.

Exhibit 56    Cheryl L. Walls has known Bob Maegerle and his family from the 1950's and he has provided the care for his wife.

Exhibit 57    Donald W. Clark friends with Bob Maegerle since 1988 and knows of

his many charitable and civic contributions.

Exhibit 58    Robert T. McAlpine known Bob Maegerle since their college days in 1950's and Bob has helped him throughout his life.

Exhibit 59    Louise Frear Baylis has known Bob Maegerle since 1982 and knows Bob is an invaluable member of the community.

Exhibit 60    Russell and Mary Ann Scott has known Bob Maegerle as a friend, officer in their civic organization, a church member and devoted family man.

Exhibit 61    Susan Savarese known Bob Maegerle for over 20 years as involved in civic, church and charitable activities.

Exhibit 62    Michael Eddy known Bob Maegerle for 40 years as a caring husband and family man.

Exhibit 63    Irma Plattner known Bob Maegerle since 1993 and he is active in civic and charitable activate and he help Ms. Platter's terminal ill husband on many occasions.

Exhibit 64    Lila Goodman and Arthur Brown have known Bob Maegerle for 14 years and he gives his time to the community.

Exhibit 65    Amelia A. Sloan has known Bob Maegerle since the 1960's and knows of his many contributions to the community.

Exhibit 66    Karen Rollo has known Bob Maegerle for over 20 years and he has spent much of his spare time in the service of others.

Exhibit 67    Florence Mae Truman has been a neighbor of Bob Maegerle's for 15 years and knows him to be honest and dependable.

Exhibit 68    R. David Rankin has been a neighbor of Bob Maegerle's for over 14

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -13-

years and knows he has helped many of their neighbors.

Exhibit 69   Anthony and Margaret Donatich neighbors of Bob Maegerle and Bob has always volunteering to help.

Exhibit 70   Jessie F. Achey friend and neighbor of Bob Maegerle's and knows he is active in charitable and church activities.

Exhibit 71   Charles H. Collier, III has known Bob Maegerle since 1974 and he has always contributed to and participated in community and civic activities.

Exhibit 72   Ann and Ron Reese have known Mr. Maegerle for over 20 years and knows of his good works.

Exhibit 73   Jeannie M. Moore has known Bob Maegerle for more 30 years as a hard working husband and considerate person.

Exhibit 74   Marie A. Mollick friend and neighbor of Bob Maegerle's for 28 years, Bob helped her after her husband died.

**Bob Maegerle's Age and Medical Condition**

Bob Maegerle had a series of seizures which hospitalized him on May 13, 2014. He has been diagnosed with Idiopathic Seizure Disorder and is taking anti-seizure medicine, Keppra, twice a day. In addition, Bob Maegerle has a knee which will require surgery due to tears of his medial and lateral meniscus; degenerative arthritis; small Baker's cyst; and degenerative changes at the patellofemoral joint. Recently, it was also determined that Bob Maegerle has an extremely enlarged prostate and also had several skin lesions removed from his face. In addition, Bob Maegerle takes Hydrochloriothiozise for hypertension and Reaunstia to lower his cholesterol.

In *United States v. Tosti*, 733 F 3d 816, 824 (9th Cir. 2013), the Court held that a

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -14-

sentencing court, when imposing a substantially reasonable sentence pursuant to 18 U.S.C. §3553, can consider a defendant's age and other personal circumstances.  In this case, Bob Maegerle will be 79 years old on September 1.[2]  In addition, he has numerous medical problems, received minimal economic benefit when compared to the large amount of money received by the Liews, and had, up until this case, led an outstanding life, donating his time and energy to civic, church and charitable activities.

In *United States v. Louijuste*, 517 Fed. Apx. 916, 920 (11th Cir. 2013), a conspiracy to distribute cocaine case, the Court affirmed a lesser sentence for defendant Pierre based on the twenty years difference in age, 64 verses 44, of his co-defendant St Hilaire.

The Court in *United States v. Whitehead*, 532 F. 3d 991 (9th Cir. 2008) held that the district court is "empowered" to engage in "individualized sentencing".  The Court upheld a district court sentence of five years supervised release rather than a custodial sentence required by the guidelines, to a defendant who had been convicted by a jury of selling over $1 million dollars of counterfeit DirectTV access cards.  The district court relied upon the facts that the defendant was repentant and took care of his eight year old daughter.

In *United States v. Edwards*, 595 F 3d 1004 (9th Cir. 2010) the Court affirmed the district court sentencing a defendant, who had a prior fraud conviction for over $3,000,000.00 in fraudulent loans, and had pled guilty to bankruptcy fraud, to five years probation, primarily based on the sentencing court's belief that the defendant would not commit another crime, and that he was 62 years old and suffering from diabetes.

The Court in *United States v. Autery*, 555 F 3d 864 (9th Cir. 2009) upheld a sentence of probation in a child pornography case finding that the district court is in a unique position

---

[2] Any custodial sentence would consume a longer portion of Bob Maegerle's remaining life than such a sentence would on a younger man.

to make sentencing decisions.  In *United States v. Munoz-Nava*, 524 F 3d 1137 (10th Cir. 2008), the Court affirmed a sentence of a year and a day, and one year home confinement, in a heroin case, where the sentencing court did not believe the defendant would again violate the law, had numerous letters in support and cared for his elderly parents.

In *United States v. Huckins*, 529 F 3d 1317 (10th Cir. 2008) an eighteen month sentence in a child pornography case was affirmed where the guidelines called for a custodian sentence of 78 to 97 months.

## Conclusion

For all of the above reasons, counsel would submit that Bob Maegerle should receive a sentence substantially below the guidelines range found in the Presentence Report and a sentence of home confinement would be appropriate in this case.

Respectfully Submitted,

S/ Jerome J. Froelich Jr.
Jerome J. Froelich, Jr.
State Bar No. 270150

McKENNEY & FROELICH
One Midtown Plaza, Suite 910
1360 Peachtree Street
Atlanta, Georgia  30309-2920
(404) 881-1111

DEFENDANT ROBERT J. MAEGERLE'S SENTENCING MEMORANDUM          -16-