United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT MAEGERLE,

Defendant.

Case No. 11-cr-00573-JSW-3

**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Re: Dkt. No. 1127

This matter comes before the Court upon consideration of Robert Maegerle's motion for early termination of supervised release. The Probation Office and the Government have filed responses. The Court concludes a reply is not necessary and, for the reasons set forth below, it GRANTS Mr. Maegerle's motion.

On August 26, 2014, the Court sentenced Mr. Maegerle to 30 months in custody to be followed by three years of supervised release. A court may,

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). Mr. Maegerle bears the burden to show that early termination is appropriate. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's

1  circumstances that may render a previously imposed condition of release either too harsh or
2  inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United*
3  *States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *United States v. Miller*, 205 F.3d
4  1098, 1011 (9th Cir. 2000)); *see also United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).  In
5  *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and
6  'interest of justice' make clear that a district court enjoys discretion to consider a wide range of
7  circumstances" to determine whether to terminate supervised release.  *Id.*; *accord Miller*, 205 F.3d
8  at 1011.  Although a district court is not required to "'tick off each of the relevant" 3553(a)
9  factors, it must provide an "explanation that would permit meaningful appellate review and justify
10 the court's conclusion." *Emmett*, 749 F.3d at 822.

11 Mr. Magerle has served over two years of supervised release.  Probation reports that if Mr.
12 Maegerle had not moved for early termination, it would have filed such a motion  (*See* Dkt. No.
13 1140.)  The Court takes that into account.  Probation also reports that Mr. Maegerle has been in
14 full compliance with his conditions of supervised release and continues to make restitution
15 payments.  The Court has taken into consideration the relevant factors under Section 3553(a) and
16 the lack of opposition from the Government.  The Court concludes the interests of justice favor
17 terminating supervised release at this time.  Accordingly, the Court GRANTS the motion.

18 **IT IS SO ORDERED.**

19 Dated: April 26, 2019

_____
JEFFREY S. WHITE
United States District Judge